**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Russell, et al., | No. CV-26-01549-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Darian Patrick O'Brien, et al., | |
| Defendants. | |

According to the complaint, defendant Darian O'Brien was driving a vehicle in the course and scope of his employment with defendant Domino's Pizza, LLC, when he hit and killed Dwayne Omar Harvey. Harvey's statutory beneficiaries filed suit in state court against O'Brien and Domino's, alleging various forms of negligence. Domino's was served on February 3, 2026, but O'Brien has not yet been served. On March 4, 2026, Domino's filed a notice of removal.

The notice of removal claims removal is proper because there is diversity jurisdiction. Domino's claims it is a "Michigan limited liability company with its principal place of business in the State of Michigan." (Doc. 1 at 2.) Domino's also seems to concede plaintiffs and O'Brien are all citizens of Arizona, but claims that because O'Brien has not yet been served, "snap removal is permissible under 28 U.S.C. § 1441(b)(2)." (Doc. 1 at 2.) The notice of removal contains multiple errors and does not establish the existence of federal jurisdiction. Domino's must file a supplement identifying the citizenship of all parties and explaining how "snap removal" is relevant in this context.

The notice of removal identifies plaintiffs and O'Brien as "residents" of Arizona. "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Merely identifying residency is not sufficient: Domino's must identify the citizenships of plaintiffs and O'Brien.

In addition, Domino's is a limited liability company. For purposes of diversity jurisdiction, a limited liability company is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Domino's statement that it is a "Michigan limited liability company with its principal place of business in the State of Michigan" does not answer the relevant question. Domino's must identify the citizenship of its members. In doing so, Domino's must trace its citizenship "through as many levels as necessary until reaching a natural person or a corporation." *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023).

Domino's next error requires more explanation. While apparently admitting plaintiffs and O'Brien are both citizens of Arizona, Domino's claims removal based on diversity jurisdiction is permissible because it completed a "snap removal." Domino's seems to misunderstand the problem a "snap removal" is attempting to avoid. A "snap removal" occurs when a defendant "fil[es] its notice[] of removal before service of the summons and complaint" on certain defendants. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024). Filing an early notice of removal is meant to avoid the "forum defendant rule," which "prohibits removal of a case when at least one defendant is a citizen of the state in which the action is filed." *Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 939 (9th Cir. 2010). Some courts of appeal have recognized a defendant can avoid application of the forum defendant rule by conducting a "snap removal." That is, the forum defendant rule does not apply when a case is properly removed before the forum defendant is served. *See, e.g.*, *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th

Cir. 2020) (citing opinions from Second and Third Circuits).[1] A violation of the forum defendant rule does not deprive the district court of jurisdiction and is therefore waived if not challenged within 30 days of the removal. *Casola*, 98 F.4th at 954, 963.

It does not appear a snap removal would help Domino's here, because there is a more fundamental problem: O'Brien's presumed Arizona citizenship would deprive this court of diversity jurisdiction. *Cf. id*. at 951 n.3 (noting it was undisputed the requirements for diversity jurisdiction were satisfied before addressing snap removal). A case is removable only if it is one "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Put differently, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, plaintiffs (who may be citizens of Arizona) sued O'Brien (who may be a citizen of Arizona) and Domino's (who may not be a citizen of Arizona). If plaintiffs and O'Brien are both citizens of Arizona, the most basic requirement for removal was not met because this case could not have been filed in federal court in the first instance. The forum defendant rule and snap removals are irrelevant in this situation. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Multiple courts of appeal have explicitly held as much. *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023); *Rao v. J.P. Morgan Chase Bank, N.A.*, 153 F.4th 541, 549 (7th Cir. 2025). So too have district courts in the Ninth Circuit. *See, e.g.*, *Stone v. Omnicell, Inc.*, No. 25-CV-05229-SVK, 2026 WL 266243, at *8 (N.D. Cal. Feb. 2, 2026) ("[T]he forum-defendant rule, and hence the snap removal limitation, are irrelevant where there is both an in-state plaintiff and in-state defendant.").

The supplement must identify the citizenship of each defendant. If Domino's determines there is not complete diversity between plaintiffs and defendants, the supplement must explain how a "snap removal" cures that jurisdictional flaw.

---

[1] The Ninth Circuit has not yet resolved whether snap removals are permissible. *Casola*, 98 F.4th at 964.

**IT IS ORDERED** no later than **March 12, 2026**, Domino's shall file a supplement as outlined above.

**IT IS FURTHER ORDERED** as follows:

### Governing Rules

Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil Procedure.

### Disclosure Statements

Full compliance with Federal Rule of Civil Procedure 7.1 is required by plaintiff(s) and defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement identifying the citizenship of "every individual or entity whose citizenship is attributed to that party." A Corporate Disclosure Statement form is available at https://www.azd.uscourts.gov/forms/disclosure-statement.

### Service Deadline

Service of the summons and complaint on each defendant located in the United States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement because absent proof of service, the court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the court will dismiss this action, without further notice to plaintiff(s), with respect to any defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

### Forms of Papers

The parties shall adhere to all of the requirements of Local Rule 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. Citations supporting any textual proposition shall be included in the text, not in a footnote.

Notices of supplemental authority and responses to those notices are limited to 350 words excluding case captions and signature blocks.

### Paper Courtesy Copies

Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a) pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that will be opposed) and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered to the judge's mailbox in the courthouse by the next business day after the electronic filing. Do not attempt to deliver documents to the judge's chambers. Courtesy copies should be double-sided and include the ECF-generated header at the top of each page. Courtesy copies of documents too large for stapling must be submitted in three-ring binders.

### Amending Pleadings

Before filing a motion for leave to amend a pleading, the party that wishes to amend must seek the consent of the other parties in an attempt to file the amended pleading pursuant to Local Rule 15.1(b). If any party is unwilling to consent, the motion for leave to amend must indicate which party (or parties) will oppose the request. If a motion for leave to amend a pleading fails to so indicate, the motion will be denied without prejudice for failure to adhere to this order.

### Motions and Stipulations

Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s)

- 5 -

that permit the court to grant the requested relief. Requests for extensions of time must include a brief explanation of why the extension is needed to help the court determine whether there is good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this order.

Motions and stipulations should be accompanied by proposed orders. A proposed order is not necessary for motions that will require a reasoned analysis from the court, or for stipulations requesting issuance of the court's standard protective order with no amendments. These proposed orders must not be on letterhead or contain any information identifying the party submitting the order, and they must set forth the relief requested rather than incorporating the motion or stipulation by reference. *See also* Local Rule 7.1(b)(3). Proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to Lanham_Chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, the words "proposed order for [name of motion]," and an indication of whether the motion is opposed or unopposed if this is not otherwise apparent from the name of the motion.

### Rule 12 Motions Are Discouraged

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in

equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

Multiple defendants represented by the same counsel may not file separate Rule 12 motions. Defendants represented by the same counsel who wish to file a Rule 12 motion must file a single joint motion that includes all arguments applicable to any defendant.

## Protective Orders

The court's standard protective order is available is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers. The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the court will automatically order that filings containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

## Motions to Seal

Local Rule 5.6 governs sealing of court records in unsealed civil actions. Every motion to seal, including stipulations pursuant to Local Rule 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The stringent "compelling reasons supported by specific factual findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

Merely noting that a document was designated confidential by a party will not satisfy any applicable legal standard for sealing.

Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to Local Rule 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.

### Emergencies and Expedited Consideration

Any party desiring expedited consideration of a motion or other matter pending before the court may make such a request by filing a separate *Notice for Expedited Consideration* accompanied by a certificate from counsel for the moving party or, if unrepresented, the moving party. The certificate must set forth the following: 1) the facts establishing the need for expedited resolution; 2) the dates of the imminent events pertinent to the request; 3) whether the motion or request for expedited consideration could have been filed earlier; and 4) when or how the moving party will provide notice to all other parties and the other parties' positions on the motion. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice and certificate must be filed.

### Requests to Reschedule Court Dates

The court interprets Local Rule 7.3(b) as applying to requests to reschedule court dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the court at least three dates/times when all counsel are available for rescheduling purposes.

### Noncompliance

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending

- 8 -

before the court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.").

**IT IS FURTHER ORDERED:**

1.    That plaintiff(s) must promptly serve a copy of this order on defendant(s) and file a notice of service with the Clerk of Court;

2.    That, unless the court orders otherwise, on **June 5, 2026** the Clerk of Court shall **terminate** without further notice any defendant in the United States that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 6th day of March, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**